UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG ROSS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

DEVIN FINZER and ALEX ATALLAH,

Defendants.

25 Civ. 1179 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is an objection to the Opinion and Order of Magistrate Judge Figueredo granting a non-dispositive Motion to Compel Arbitration. ECF No. 16 (the "Order"). For the reasons stated below, the Court concludes that Judge Figueredo correctly granted the Motion and Plaintiff's objections are **OVERRULED**.

"Where, as here, the district court has referred a non-dispositive matter to a magistrate judge for decision, the district court shall set aside the order only insofar as it 'is clearly erroneous or is contrary to law.'" *Mullen v. City of Syracuse*, 582 F. App'x 58, 61 (2d Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Grief v. Nassau Cnty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." *Alexander v. S.C. State Conference of the NAACP*, 144 S. Ct. 1221, 1240 (2024). "Generally, a decision is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Siani v. Nassau Cmty. Coll.*, 2024 WL 4449404, at *2 (E.D.N.Y. Oct. 1, 2024). Accordingly, magistrate judges possess "broad discretion in resolving nondispositive disputes and

reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Secs., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Kumaran v. Vision Fin. Mkts., LLC*, 2022 WL 17540669, at *2 (S.D.N.Y. Dec. 6, 2022).

Upon careful review of Judge Figueredo's Order, the Court finds neither "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "Under [72(a)'s] highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 511 (S.D.N.Y. 2013). Based on the facts and circumstances here, Judge Figueredo did not err in granting Defendants' Motion to Compel Arbitration given the "clear and unmistakable evidence" that Plaintiff agreed to arbitrate all claims against OpenSea, as well as delegation of questions of arbitrability to the arbitrator. Order at 4-9; *see also Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 191 (2d Cir. 2019) ("Broad language expressing an intention to arbitrate all aspects of all disputes supports the inference of an intention to arbitrate 8 arbitrability[.]"); *DiTella v. TransUnion, LLC*, No. 23 Civ. 11028, 2024 WL 3594567, at *7 (S.D.N.Y. July 31, 2024) (concluding that provision that "delegates 'all issues' to an arbitrator, including all questions regarding enforceability and scope" demonstrates a clear intent "to submit arbitrability determinations to the arbitrator"); *Indian Harbor Ins. Co. v. Build Group, Inc.*, No. 24 Civ. 4887, 2025 WL 770049, at *4-5 (S.D.N.Y. Mar. 11, 2025) (concluding that "broad language" of arbitration agreement that provided for "[a]ny dispute . . . arising under, out of, in connection with or in relation to" the policy evidenced intent to delegate issue of arbitrability). Judge Figueredo also properly determined that agency principles allow the individual Defendants to enforce the arbitration agreement entered by OpenSea as founders and directors of the company. Order at 9-15; *see also Mobile Real Est., LLC v. NewPoint Media Grp., LLC*, 460 F. Supp. 3d 457, 477-78 (noting

that if a sufficient relationship exists between signatory and non-signatory, a non-signatory can "compel arbitration even if, in the end, an arbitrator were to determine that the dispute itself is not arbitrable because [the non-signatory] cannot claim rights under the . . . [a]greement").

Based on the foregoing, Plaintiff's objections to the Opinion and Order of the Magistrate Judge are **OVERRULED**. Accordingly, (i) the Motion to Compel Arbitration is **GRANTED**; (ii) Mr. Ross is **COMPELLED** to arbitrate his claims pursuant to the Arbitration Agreement; and (iii) this action is **STAYED** during the pendency of the Arbitration.

SO ORDERED.

Dated: July 13, 2026

New York, New York

DALE E. HO
United States District Judge